IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:03-CR-361-B(1) |
| ) | |
| HECTOR HURTADO-AGUILAR, ) | |
| Defendant. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By order of reference filed July 15, 2020 (doc. 246), before the Court is the defendant's *Motion for Reduction of Sentence Persuant [sic] to 18 U.S.C. § 3582(c)(2)*, received on June 18, 2020 (doc. 245). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I.  BACKGROUND

After initially being charged by complaint on September 22, 2003, Hector Hurtado-Aguilar (Defendant) was indicted for conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, on October 8, 2003. (*See* docs. 1, 37.)[1] He pled guilty to the charge on January 28, 2004. (*See* docs. 83, 84, 93.)  The 2003 Sentencing Guidelines Manual was used to compute his applicable sentencing guidelines.  (*See* doc. 231 at 8.)  Defendant was held accountable for 7.115 kilograms of crystal methamphetamine (ice), resulting in a base offense level of 38 under the drug quantity table of U.S.S.G. §2D1.1(c) then in effect.  (*See id.* at 8, 16.) Following adjustments for importation of the ice from Mexico, his role in the offense, and acceptance of responsibility, Defendant's total offense level was calculated as 40.  (*See id.* at 8.) By judgment entered August 20, 2004, he was sentenced to 300 months of imprisonment, to be followed by a 5-year term of supervised release.  (*See* doc. 167.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.  Unless otherwise indicated, all document numbers refer to the docket numbers assigned in this action, 3:03-CR-361-B(1).

Defendant appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit, and it affirmed both on April 11, 2006. (*See* docs. 168, 169, 226, 227.) On April 3, 2007, Defendant moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (*See* 3:07-CV-589-P-BH, doc. 1.) The motion was denied with prejudice on June 25, 2008. (*See id.* docs. 14, 15.) The Fifth Circuit subsequently denied Defendant's request for a certificate of appealability. (*See* doc. 233.)

On November 20, 2014, Defendant moved for a reduction of sentence under 18 U.S.C. § 3582(c)(2) based on the 2014 amendments to the United States Sentencing Guidelines (Sentencing Guidelines), which reduced base offense levels for certain controlled substances in the drug quantity table of § 2D1.1(c). (*See* doc. 235.) His motion was denied on February 11, 2015. (*See* doc. 237.) On May 15, 2020, he moved for a reduction of sentence under Section 404 of the First Step Act of 2018, and his motion was denied on May 21, 2020. (*See* docs. 243, 244.) Defendant now again moves to reduce his sentence under § 3582(c)(2). (*See* doc. 245.)

## II. ANALYSIS

Defendant seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) on grounds that the applicable sentencing range when he was sentenced was reduced by the 2014 amendments to the Sentencing Guidelines and made retroactively applicable to his sentence.

Section 3582(c)(2) states:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--

. . .

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the

2

   court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Porter*, 335 F. App'x 408, 409 (5th Cir. 2009) ("Under § 3582(c), a defendant may have his sentence modified if he was sentenced to a term of imprisonment based upon a sentencing range that subsequently was lowered by the Sentencing Commission."). The Sentencing Commission policy statement applicable to § 3582(c)(2) prohibits a sentence reduction as inconsistent with the policy statement where a subsequent amendment to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

  The Sentencing Commission adopted Amendment 782 to the Sentencing Guidelines, effective November 1, 2014, which amended the Drug Quantity Table at U.S.S.G. §2D1.1(c) by "reduc[ing] the base offense level by two levels for most drug offenses."[2] *Hughes v. United States*, -- U.S. ----, 138 S.Ct. 1765, 1774 (2018); *see also* U.S.S.G. App. C, Amdt. 782 (Supp. Nov. 2012-Nov. 2016); U.S.S.G. § 2D1.1(c). Amendment 782 was subsequently made retroactive to defendants sentenced under the higher base offense levels. *See Hughes*, 138 S.Ct. at 1774.

  At sentencing, Defendant was held accountable for 7.115 kilograms of ice. (*See* doc. 231 at 5, 16.) The 2003 drug quantity table under which Defendant was sentenced assigned a base offense level of 38 for "15 KG or more of Methamphetamine, or 1.5 KG or more of Methamphetamine (actual), or 1.5 KG or more of 'Ice.'" U.S.S.G. § 2D1.1(c)(1)(2003). The amended sentencing range assigns a base offense level of 38 for "45 KG or more of

---

[2] Amendment 782 to the Sentencing Guidelines is listed among the "Covered Amendments" of the policy statement applicable to § 3582(c)(2). U.S.S.G. § 1B1.10(d)("Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1)).").

Methamphetamine, or 4.5 KG or more of Methamphetamine (actual) or 4.5 KG or more of 'Ice.'" U.S.S.G. § 2D1.1(c)(1).  Because of the amount of ice for which he was held accountable, Defendant's base offense level remains 38 under the amended sentencing guideline range.  *See* U.S.S.G. § 2D1.1(c)(1) (base offense level of 38 for 4.5 kilograms or more of ice).  Because his applicable sentence range was not reduced by Amendment 782 to the Sentencing Guidelines, he is not entitled to a sentence reduction under § 3582(c)(2) and U.S.S.G. § 1B1.10(a)(2)(B).

### III.  RECOMMENDATION

Defendant's *Motion for Reduction of Sentence Persuant [sic] to 18 U.S.C. § 3582(c)(2)* should be **DENIED**.

**SIGNED this** 3rd **day of** August**, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE