UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:03-CR-0361-B-1 |
| | § | |
| HECTOR HURTADO-AGUILAR, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER AND OPINION

Before the Court is Defendant Hector Hurtado-Aguilar ("Hurtado-Aguilar")'s Motion to Reduce Sentence (Doc. 258), which the Court construes as a motion for compassionate release. For the reasons set forth below, the Court **DENIES** the Motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

In 2004, Hurtado-Aguilar pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine and was sentenced to 300 months of imprisonment and five years of supervised release. Doc. 167, J., 1–3. Hurtado-Aguilar, who is now fifty-four years old, is serving his sentence at Federal Correctional Institution Bastrop ("FCI Bastrop"). His scheduled release date is January 28, 2025.[1] On June 24, 2022, Hurtado-Aguilar filed the pending motion for a sentence reduction. *See* Doc. 258, Mot. In his motion, Hurtado-Aguilar explains that each of his parents (who live in Mexico) have fallen very ill. *Id.* at 1. For this reason, Hurtado-Aguilar seeks a sentence

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://bop.gov/inmateloc/ (last accessed June 29, 2022).

- 1 -

reduction allowing him to return to Mexico to see his parents. *Id.* The Court considers the Motion below.

## II.

## ANALYSIS

*A.    The Court Construes Hurtado-Aguilar's Motion as One Seeking Compassionate Release*

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). However, § 3582(c) provides limited exceptions to this general rule. *See id.* Relevant here is that under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reductions.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

Hurtado-Aguilar's motion does not expressly invoke § 3582(c)(1)(A)(i) or any other exception under which the Court could grant his requested sentence reduction. *See* Doc. 258, Mot. Nonetheless, because Hurtado-Aguilar references his parents' health as the basis for his motion, the Court will liberally construe his motion as a request for compassionate release. *See United States v. Bledsoe*, 548 F. App'x 124, 124 (5th Cir. 2013) ("[I]t is the essence of a pro se prisoner's pleading, rather than the label attached to it, that controls how that pleading is characterized."); *cf. United States v. Mondragon*, 2020 WL 3868988, at *2 (E.D. Tex. July 8, 2020) (construing a clemency request as a motion for compassionate release); *United States v. Cantu*, 423 F. Supp. 3d 345, 349 (S.D. Tex. 2019) (construing a motion for home confinement as one for compassionate release).

B.  *Hurtado-Aguilar's Motion is Denied*

1.  <u>Hurtado-Aguilar Has Not Exhausted His Administrative Remedies</u>

Hurtado-Aguilar's construed motion for compassionate release is denied because he has not proven that he satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" To satisfy this requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request, irrespective of a denial. *See United States v. Ezukanma*, 2020 WL 4569067, at *5 (N.D. Tex. Aug. 7, 2020).

Here, it does not appear that Hurtado-Aguilar has submitted a request to the BOP for compassionate release. *See* Doc. 258, Mot. Until Hurtado-Aguilar does so and provides the Court with proof that (1) he has exhausted his administrative rights to appeal the BOP's denial of his request; or (2) thirty days have passed since the warden received his request, he has not exhausted his administrative remedies as required by § 3582(c)(1)(A). Accordingly, Hurtado-Aguilar's motion must be denied at this time.

2.  <u>Hurtado-Aguilar Has Not Demonstrated Extraordinary and Compelling Reasons For Compassionate Release</u>

Even if Hurtado-Aguilar had exhausted his administrative remedies, his instant motion would still fail because he has not demonstrated "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that merit compassionate release. *See id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it "to promulgate general

policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "describes four 'extraordinary and compelling reasons' that could warrant a reduced sentence: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *United States v. Tyler*, 2021 WL 736467, at *1 (E.D. La. Feb. 25, 2021) (quoting U.S.S.G. § 1B1.13 cmt. 1(A)-(D)). The Fifth Circuit has since held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F3d at 392-93 (citing § 1B1.13). While not binding, § 1B1.13 and its commentary nonetheless "inform[] [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *see United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam).

Here, Hurtado-Aguilar's request for compassionate release is based on his request to see his parents, who he avers live in Mexico and have fallen ill. *See* Doc. 258, Mot., 1. As noted above, the Court's consideration of Hurtado-Aguilar's request is "guided . . . by the commentary" to § 1B1.13. *Rivas*, 833 F. App'x at 558. And indeed, the commentary explains that "[f]amily [c]ircumstances" may constitute extraordinary and compelling reasons for a defendant's release in cases involving "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or

"[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." § 1B1.13(1)(A) cmt. n.1(C).

"While the Court does not necessarily require the exact scenarios described by the commentary to § 1B1.13, the Court does believe that compassionate release based on family circumstances should involve a situation where a prisoner's release is necessary to protect the well-being of an incapacitated family member." *United States v. Williams*, 2021 WL 1865005, at *3 (N.D. Tex. May 10, 2021). And here, Hurtado-Aguilar has not provided evidence of his parents' condition; described the particular circumstances of his parents' health or current care; or specifically averred that his release would permit him to *care for*—as opposed to simply visit—his parents. *See* Doc. 258, Mot. As such, he has failed to demonstrate extraordinary and compelling reasons for compassionate release, which is an independent reason for denying his motion. *See, e.g.*, *Williams*, 2021 WL 1865005, at *3 (denying compassionate release when the defendant failed to provide evidence of his loved one's alleged health conditions and that no one else could provide care for her); *United States v. Tucker*, 2021 WL 977100, at *1 (N.D. Tex. Mar. 15, 2021) (finding that family circumstances did not warrant compassionate release absent evidence that the defendant was the "only available caregiver" for his incapacitated or minor family members).

### III.

### CONCLUSION

Hurtado-Aguilar's construed motion for compassionate release under § 3582(c)(1)(A) fails because he has not proven exhaustion of his administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. For these reasons, the Court **DENIES** Hurtado-Aguilar's Motion (Doc. 258) **WITHOUT PREJUDICE**. By denying Hurtado-Aguilar's motion

without prejudice, the Court permits Hurtado-Aguilar to file a subsequent motion for compassionate release in the event he can both: (1) provide evidence supporting a finding of extraordinary and compelling reasons for release, and (2) satisfy the exhaustion requirement with respect to those circumstances.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), it must first consider the sentencing factors of 18 U.S.C. § 3553. 18 U.S.C. § 3582(c)(1)(A). Because Hurtado-Aguilar has failed to exhausted his administrative remedies and demonstrate extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today.

The Clerk of Court is **DIRECTED** to open for statistical purposes a new civil case under the First Step Act (nature of suit 540 directly assigned to the District Judge and Magistrate Judge assigned to the criminal case) based on Hurtado-Aguilar's Motion (Doc. 258) and to close the same on the basis of this Order.

**SO ORDERED**.

**SIGNED: June 30, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE